UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERESA CISNEROS,<br><br>　　　　Defendant. | 1:22-cv-01213-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDER** |

**RELEVANT BACKGROUND**

Plaintiff Marvin Harris initiated this action with the filing of his complaint, brought pursuant to 42 U.S.C. § 1983, on September 26, 2022. (Doc. 1.)

On September 28, 2022, this Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or Pay Filing Fee Within, directing Plaintiff to submit a completed and signed application to proceed *in forma pauperis* (IFP), or, alternatively, to pay the $402 filing fee for this action within 45 days. (Doc. 5.) In the order, Plaintiff was warned: "**No requests for extension will be granted without a showing of good cause. Failure to comply with this order will result in dismissal of this action**." (*Id*., emphasis in original.)

More than 45 days have passed, and Plaintiff has neither submitted an IFP application nor paid the filing fee.

**DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 429 U.S. 829 (1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order), *cert denied*, 488 U.S. 819 (1988); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or for a failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, the first factor weighs in favor of dismissal.

Regarding the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest .... It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants ...." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to file an application to proceed IFP or, alternatively, to pay the required filing fee, is consuming the Court's limited time. Further, it is also delaying resolution of this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

As to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of

itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643; *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted) ("this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction"). Because Plaintiff's failure to comply with the Court's order has stalled this litigation, the third factor weighs in favor of dismissal.

Next, the Court considers the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1262.  Here, lesser sanctions than dismissal would not be satisfactory to protect the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration, monetary sanctions would be ineffective. Plaintiff seemingly has decided to stop prosecuting this case, so excluding evidence would be a meaningless sanction. Additionally, the dismissal being considered in this case is without prejudice, stopping short of the harshest possible sanction of dismissal with prejudice. Hence, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

After weighing the five factors, the Court finds that dismissal without prejudice is appropriate.

**CONCLUSION AND RECOMMENDATIONS**

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute and failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

3

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 16, 2022**                                    _____
                                                                  UNITED STATES MAGISTRATE JUDGE

4